**688**

■ The People of the State of New York, Respondent, v. Harold Herbert Duchin, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Nassau County, rendered July 1, 1963 on his plea of guilty, convicting him of attempted rape in the second degree, and imposing sentence upon him as a *prior* felony offender. Judgment affirmed. While sentence was imposed upon defendant as " a prior felony offender," we construe such sentence, in the light of the entire record, to have been imposed upon the defendant as a second felony offender. [For prior appeal, see 16 A D 2d 483, affd. 12 N Y 2d 351.] Beldock, P. J., Kleinfeld, Christ, Brennan and Hill, JJ., concur.

■ Manuel R. Reyes, as Administrator of the Estate of Victor R. Reyes, Deceased, et al., Appellants, v. Donato Gagliardi et al., Respondents, et al., Defendant.— In an action to recover damages for personal injury and wrongful death, the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County, entered January 25, 1963 after a jury trial, as dismissed the complaint against the defendants Donato Gagliardi and Pasquale Gagliardi, at the close of plaintiffs' case, for failure of proof. Judgment, insofar as appealed from, affirmed, without costs. No opinion. Ughetta, Acting P. J., Christ and Rabin, JJ., concur; Kleinfeld and Hill, JJ., dissent and vote to reverse the judgment and to grant a new trial, with the following memorandum: The infant decedent fell through a space of 16 to 17 inches between 2 horizontal porch railing pipes, not protected by balusters or mesh work. The lower pipe was 16 inches high. Vertical posts were 5 feet apart. There is no dispute that decedent was where he had a right to be. In our opinion, under all the circumstances, the unprotected space constituted a dangerous condition; the defendants should have anticipated the likelihood of a child falling through the space; and hence the defendants should have installed adequate safeguards against the happening of such an accident. A prima facie case of liability on the part of the defendants was established. It was error to dismiss the complaint.

■ Brenda A. Samperi, an Infant, by Peter J. Samperi, Her Guardian ad Litem, et al., Respondents, v. Anna Patricola et al., Appellants.— In an action to recover damages for personal injury allegedly caused by the negligence of the female defendant in the operation of a motor vehicle owned by her husband, the other named defendant, both defendants appeal from an order of the Supreme Court, Queens County, dated November 13, 1963, which granted plaintiffs' motion for summary judgment and directed an assessment of damages. Order reversed, with $10 costs and disbursements, and plaintiffs' motion for summary judgment denied without prejudice to renewal upon additional proof, as indicated herein. Although, as properly found by the Special Term, no triable issue exists as to the negligence of the female defendant in causing the accident, it is our opinion that the plaintiffs failed to establish their own freedom from contributory negligence. Under the circumstances they are not entitled to summary judgment (*Nicoletti* v. *Palmer*, 16 A D 2d 960; *Gale* v. *City of New York*, 18 A D 2d 12). However, inasmuch as plaintiffs' failure to offer proof in respect of this issue may have been an oversight, they may, if so advised, renew their application for summary judgment upon additional proof that they were not contributorily negligent. Ughetta, Acting P. J., Brennan and Hopkins, JJ., concur; Christ and Rabin, JJ., dissent and vote to affirm the order.